# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUWLUS A. MUHAMMAD, | ) | |
|       Petitioner, | ) | Civil Action No. 10-34 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| KENNETH R. CAMERON, | ) | |
| et al., | ) | |
|       Respondents. | ) | |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

      This habeas action filed by Petitioner, Buwlus A. Muhammad, a/k/a Paul Cooper, pursuant to 28 U.S.C. § 2254 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. On August 1, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 28] recommending that the petition be denied with respect to each of Petitioner's claims and that a certificate of appealability ("COA") be denied. She further recommended that Respondents' motion to quash [ECF No. 23] be denied and Petitioner's motion in which he seeks to quash Respondents' motion [ECF No. 27] be dismissed as moot. On August 11, 2011, Petitioner filed Objections [ECF No. 29] to the R&R.

      Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all claims raised by Petitioner in his Objections and we agree with the Magistrate Judge that he is not entitled to habeas relief or a COA on any of his claims. Petitioner's Objections are overruled and we

1

approve and adopt the R&R, as supplemented herein. We write only to address his contention that Claims 2(b) and 3 are not procedurally defaulted.[1]

I.

The Magistrate Judge recommended that the following claims be denied as procedurally defaulted:

**Claim 2**  Petitioner's constitutional rights were violated because … (b) his pre-trial/stand-by counsel was ineffective for failing to investigate evidence of his mental health and request an evaluation for competency; and,

**Claim 3**  His constitutional rights were violated because of the "use of government powers and authority to commit fraud … the certified records and trial evidence discovered and established that the Erie County Prison officials falsified incident reports, and fabricated evidence [and] in doing so withheld exculpatory evidence to facilitate criminal prosecution."

Petitioner raised these same claims in his PCRA proceeding. In a Memorandum issued on October 19, 2010, the Superior Court of Pennsylvania held that they were waived pursuant to Rule 2116 of the Pennsylvania Rules of Appellate Procedure because Petitioner failed to list them in the "Statement of Questions Involved" section of his appellate brief. <u>Commonwealth v. Muhammad</u>, No. 491 WDA 2010, slip op. at 5-6 (Pa.Super. Oct. 19, 2010). Rule 2116 provides that "[n]o question will be considered unless it is stated in the statement of questions involved[.]" The Magistrate Judge explained that, based upon the Superior Court's decision, Petitioner had procedurally defaulted Claims 2(b) and 3.

---

[1] The Magistrate Judge also recommended that Claim 1 be denied as procedurally defaulted. Petitioner expressly states that he does not challenge that recommendation. [ECF No. 29 at 6].

In his Objections, Petitioner points out that in their Answer, Respondents stated that "there was no violation of Pennsylvania's procedural rules which would serve to invoke the procedural default doctrine." [ECF No. 17 at 10]. Although this is true, Respondents filed their Answer before the Superior Court had issued its October 19, 2010 Memorandum. Therefore, the procedural default defense was not available to them at the time that they made that statement.

That the Respondents did not raise the defense, however, does not bar this Court from considering it. We have "the authority to raise the issue of procedural default *sua sponte*." Evans v. Secretary Pennsylvania Dept. of Corr., 645 F.3d 650, 656 n.12 (3d Cir. 2011). See also Sweger v. Chesney, 294 F.3d 506, 520 n.3 (3d Cir. 2002); Szuchon v. Lehman, 273 F.3d 299, 321 n.13 (3d Cir. 2001); Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997); Day v. McDonough, 547 U.S. 198, 206 (2006) ("While the issue remains open in this Court … the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default[.]"). As the U.S. Court of Appeals for the Third Circuit has explained:

> "We retain this discretion because the doctrine of procedural default, while not a jurisdictional rule, 'is grounded upon concerns of comity between sovereigns and often upon considerations of judicial efficiency.' … 'Because these concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be waived.'"

Sweger, 294 F.3d at 520 n.13 (quoting Szuchon, 273 F.3d at 312 n.13, which quoted Hardiman v. Reynolds, 971 F.2d 500, 503 (10th Cir. 1992)).

In conclusion, it is within this Court's discretion to apply the procedural default doctrine to Claims 2(b) and 3, and we agree with the Magistrate Judge that it is appropriate to do so in this case.

3

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has had the opportunity in his Objections to direct the Court to evidence to establish "cause" for his default and "actual prejudice." He has failed to do so. That he was proceeding *pro se* in his appeal to the Superior Court did not excuse him from following the applicable Rules of Appellate Procedure. Siluk v. Beard, 395 F.App'x 817, 820 (3d Cir. 2010) (the petitioner's "*pro se* status, without more, cannot constitute cause sufficient to excuse the procedural default of his federal claims in state court.").

Petitioner also argues that, even if he failed to fully exhaust Claim 3 in his PCRA proceedings, this Court must consider it on the merits because he raised it in his direct appeal, thereby fully exhausting the claim in that proceeding. In support of this argument, he directs this Court to page 18 of the trial court's 1925(b) Opinion, CP Dkt. No. 75, Commonwealth v. Muhammad, No. 232 of 2007, slip op. at 18 (C.P. Erie Feb. 4, 2008),[2] which he apparently believes demonstrates that the state court adjudicated Claim 3 on the merits. [See ECF No. 29 at 20]. We disagree. At page 18 of the trial court's 1925(b) Opinion, the court addresses Petitioner's claim that it had erred when it rejected his pre-trial request to order the Commonwealth to produce the victims' employment and job performance records and a video that he asserted was exculpatory. That is a different ground for relief than that expressed in Claim 3. The issue before the state court on direct appeal was not, as it is here, whether the

---

[2] The trial court's 1925(b) Opinion was subsequently adopted by the Superior Court of Pennsylvania in its entirety. CP Dkt. No. 81, Commonwealth v. Muhammad, No. 1704 WDA 2007, slip op. (Pa.Super. Dec. 13, 2008).

prosecution had suppressed evidence and committed fraud.  Rather, the issue was whether the trial court had made the correct ruling under the Pennsylvania Rules of Evidence.  That claim is not cognizable in federal habeas corpus.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal courts may not "reexamine state court determination on state-law questions"); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); Wells v. Pestock, 941 F.2d 253, 256 (3d Cir. 1991).

Based upon all of the forgoing, we agree with the Magistrate Judge that that Claims 2(b) and 3 are procedurally defaulted.  Therefore, we may not consider them on the merits.

## II.

Accordingly, this **1st** day of **September, 2011**, it is hereby **ORDERED** that following a *de novo* review of the pleadings and record in this case, the Report and Recommendation by Magistrate Judge Baxter is adopted as the Opinion of this Court, as supplemented herein.  The petition is denied and a COA is denied.  Respondents' motion to quash [ECF No. 23] is denied and Petitioner's motion in which he seeks to quash Respondents' motion [ECF No. 27] is dismissed as moot.  The Clerk shall mark this case **CLOSED**.

Sean J. McLaughilin

Sean J. McLaughlin  
United States District Court Judge  
Western District of Pennsylvania

cm:    All parties  
       U.S. Magistrate Judge Baxter